ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GAILYN HALL,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>Defendants. | CASE NO. 3:20-CV-00313-LRH-CLB |

**STIPULATED DISCOVERY PLAN & SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(e)**

**<u>SPECIAL SCHEDULING REVIEW REQUESTED</u>**

Plaintiff Gailyn Hall ("Plaintiff) and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard" or "Defendants") ("Plaintiff and Bard are collectively referred to herein as "the Parties"), by and through their respective undersigned counsel, having met the requirements of F.R.C.P. 26(b) by meeting and conferring to discuss discovery in this case, and pursuant to the Local Rules of Civil Procedure for the District of Nevada, hereby stipulate to the following Discovery Plan and Scheduling Order.

/ / /

/ / /

/ / /

- 1 -

ACTIVE 50701985v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

1.   STATEMENT OF REASONS FOR SPECIAL SCHEDULING REVIEW REQUEST UNDER LR 26-1.

This is a complex products liability action involving the Plaintiff's treatment with an inferior vena cava filter that was designed, manufactured, and sold by the Defendants. An inferior vena cava filter is a prescription medical device that is implanted into a patient's inferior vena cava, which is the largest vein in the body. The filter is designed to prevent large blood clots from traveling to the heart and lungs where they can be fatal. Plaintiff contends that on February 3, 2014, Plaintiff had a Bard Meridian® inferior vena cava filter (the "Bard Filter") implanted in his inferior vena cava. Plaintiff alleges the Bard Filter has caused him injuries and damages. Plaintiff has asserted various state law claims against Defendants for strict products liability, negligent design, negligent manufacture, negligent failure to recall/retrofit, negligent failure to warn, negligent misrepresentation, negligence per se, breach of express and implied warranties, fraudulent misrepresentation, fraudulent concealment, consumer fraud and deceptive trade practices, and punitive damages.

Defendants deny the allegations contained in the Complaint and assert that the Bard Filter is a life saving device cleared by the FDA as being safe and effective that was placed in Plaintiff after being diagnosed with deep vein thrombosis/pulmonary embolism. Defendants deny that the Bard Filter was defectively designed or manufactured and that the Bard Filter was otherwise in an unsafe condition. Defendants further deny that they failed to warn Plaintiff's implanting physician of the risks associated with the implant procedure, that they were negligent, or that they breached any express or implied warranties. Defendants also deny that they in any way caused or contributed to Plaintiff's alleged injuries asserted in this matter and further assert intervening and alternative causes as defenses. Defendants allege that there are no facts support a finding of fraudulent misrepresentation or concealment or any violation of consumer fraud and deceptive practices. Likewise, Defendants deny that they engaged in any willful misconduct, malice, fraud, wantonness, oppression, or entire want of care, which would raise the presumption of conscious indifference to consequences.

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

1    This case was part of a Multi-District Litigation proceeding called *In re: Bard IVC*

2  *Filters Product Liability Litigation*, 2:15-md-02641, which is pending before Senior Judge

3  David Campbell of the District of Arizona (the "MDL"). After four years, the completion of

4  general issue/generic discovery, and conducting three bellwether trials, Judge Campbell

5  ordered cases that have not settled or are not close to settling be transferred to the appropriate

6  jurisdictions around the country for case-specific discovery, workup, and eventual trial.

7    This case was remanded back to this Court on March 30, 2020 [ECF 6]. The MDL

8  Court's *Second Amended Suggestion of Remand and Transfer Order (Third)* ("Third Remand

9  Order") contains a comprehensive description of the history of the MDL, the claims and

10  defenses asserted by the parties, various case management orders entered in the MDL, the

11  status of general common fact and expert discovery conducted in the MDL, summaries of the

12  bellwether cases, and the Court's rulings on various matters common to all cases. *See* Third

13  Remand Order [ECF. 5].

14    The Plaintiff's claims against Defendants and Defendants' defenses are inextricably

15  tied to the Plaintiff's medical condition. At this time, Defendants contend that they do not

16  know enough information about the Plaintiff's medical history to promptly settle or resolve

17  the case.

18    Case-specific discovery that was conducted before or during the time it was a part of

19  MDL was minimal and limited to the submission of basic plaintiff and defense profile forms

20  and limited plaintiff medical records. Consequently, the Parties will need to accomplish all

21  case-specific discovery on remand. Defendants anticipate that case-specific discovery will

22  include the collection of comprehensive medical records and the need to take depositions of

23  numerous fact-specific witnesses, including the Plaintiff; treating medical providers,

24  including physician(s) who removed or attempted to remove the Bard Filter at issue, if

25  applicable and necessary; and other witnesses who have relevant information about the

26  Plaintiff's alleged claims.

27  / / /

28  / / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

- 3 -

**2.     ISSUES IN DISPUTE**

At this time, the Parties do not have any discovery disputes to bring to the Court's attention. In the event a dispute arises, the Parties will seek Court intervention, as necessary.

**3.     CONFERENCE TIMING.**

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. first appeared in this matter when local counsel, Eric Swanis, entered his appearance on April 17, 2020. Counsel for Plaintiff and Defendants conducted their Rule 26(f) conference on May 19, 2020 and in subsequent communications.

**4.     DISCOVERY PLAN**

**a.     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties filed a Proposed Stipulated Protective Order with this Court on May 22, 2020, containing provisions similar to the MDL protective orders, and agree to be bound by this Protective Order upon entry by the Court. The Parties will exchange Rule 26(a) disclosures subject to the Stipulated Protective Order no later than June 30, 2020.

The Parties agree that Plaintiff will include in his initial disclosures a list of medical providers for the period ten (10) years prior to implant of the filter to the present and to include execution by Plaintiff of standard medical and other records release authorizations, for a period of ten years preceding the date of implant.

**b.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties agree that general liability fact and expert discovery was completed in the MDL and is now closed. The only remaining discovery is case-specific. The Third Remand Order repeatedly makes clear that the time for general discovery is over: "courts receiving these cases need not be concerned with facilitating general fact discovery on remand or transfer." [ECF 5 at 9]; *see also, id.* at 3 ("The primary purposes of this MDL – coordinated

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 50701985v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

pretrial discovery and resolution of common issues – have been fulfilled. All common fact and expert discovery has been completed.").  Regarding the Scope of Discovery for this matter, during the hearing held on January 21, 2020, Magistrate Judge Brenda Weksler issued a ruling according to which the Court ORDERED that consistent with the ruling by Judge Campbell, "all common fact discovery" has been completed.  "Accordingly, fact discovery common to all cases in the MDL proceeding is deemed to be complete with the following proviso: Defendant shall abide by the duty to supplement their general discovery responses as required by the applicable Federal and Local Rules of Civil Procedure during the course of the case-specific discovery authorized by this Court. Plaintiff may request further relief from this ruling to the extent specific information not previously available in the MDL proceeding provides a sound basis for doing so and a showing can be made that the information sought directly is relevant to the case-specific issues before this Court." *Hrnciar v. C.R. Bard, Inc., et al*., Case No: 2:19-CV-01872-RFB-BNW (and other cases), Transcript of Proceedings (January 21, 2020) at 18:24-19:10.  The subjects of discovery going forward will focus on Plaintiff's medical history and treatment, as well as case-specific causation, which Defendants deny.

In particular, the collection of medical and other records is a key part of case-specific discovery.  In order to expedite records collection in this case, the Parties will use the joint records collection process utilized in the MDL.  The Parties agree to use The Marker Group as their joint records collection vendor to collect any medical, insurance, Medicare, Medicaid, prescription, Social Security, workers' compensation, and employment records for Plaintiff from third-parties designated as custodians for such records by Plaintiffs or Defendants. Plaintiff will need to provide various signed authorizations to Defendants permitting them to collect these records.

The Parties note that the medical record collection process alone typically takes at least three months ***and the timing of this process is beyond the Parties' control***. Moreover, given the COVID-19 pandemic, the Parties anticipate that this effort will take longer than three months as facilities and businesses temporarily close, allow employees to work from

1  home, experience staffing shortages or as medical facilities have directed their staff to focus
2  only on activities concerning patient care in anticipation of an increased demand for services.

3  Only after records have been collected can Defendants analyze and summarize
4  Plaintiff's medical history; retain experts; conduct depositions, including Plaintiff, his spouse
5  and/or other close family members, the implanter of the Bard Filter, the explanter of the Bard
6  Filter, if any, other medical providers, Plaintiff's treating physicians, additional fact witnesses
7  identified in Plaintiff's Rule 26(a)(1) initial disclosures and supplements thereto and
8  additional fact witnesses identified in discovery. Finally, the Parties will likely retain case-
9  specific experts, who will need to review the relevant documents and testimony, formulate
10  opinions, generate reports, and sit for depositions.

11  The Parties agree that case-specific fact and expert discovery should be phased, such
12  that fact discovery concludes before expert disclosures and depositions take place. In light of
13  the necessary trial work-up required as referenced above, timing for sensitive records
14  collection through a third-Party vendor which is beyond the Parties' control, and the
15  complexity of this case, the Parties submit that the following schedule is necessary to allow
16  for adequate time for detailed-case specific discovery and pretrial practice in this complex
17  products liability case. The Parties also request that a trial date not be set any earlier than
18  December 2021 to allow for the completion of discovery and resolution of the expected
19  dispositive motions. The Parties expect this case to take twenty (20) trial days.

20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 50701985v1

The Parties propose the following schedule for case-specific fact and expert discovery:

| PROPOSED DATE | DEADLINE |
|---|---|
| June 30, 2020 | The Parties shall exchange Rule 26(a) Initial Disclosures. The Plaintiff shall produce a list of medical providers for the period of time from ten years before placement of the Bard Filter at issue in the case to the present. The Plaintiff shall complete, date, execute, and produce the standard medical and other records release authorization forms, attached as **Exhibit A**. |
| July 28, 2020 | Plaintiff shall produce the completed Plaintiff Fact Sheet ("PFS") and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter MDL*, attached as **Exhibit B**. |
| August 25, 2020 | Defendants shall produce the Defendant Fact Sheet ("DFS") and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter MDL*, attached as **Exhibit C**. |
| October 30, 2020 | The Parties shall join other parties and amend the pleadings. |
| February 25, 2021 | Case-specific fact discovery closes. |
| March 26, 2021 | The Plaintiff shall produce case-specific expert reports. |
| April 26, 2021 | The Defendants shall produce case-specific expert reports. |
| May 26, 2021 | The Plaintiff shall produce any case-specific rebuttal expert reports. |
| June 25, 2021 | The Defendants shall produce any rebuttal expert reports. |
| July 26, 2021 | Deadline to depose the Plaintiff's case-specific experts about their case-specific reports. |
| August 24, 2021 | Deadline to depose the Defendants' case-specific experts about their case-specific reports. |
| October 22, 2021 | Deadline to file Daubert motions and other dispositive motions. |

c.   **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties agree that all fact and expert discovery concerning general liability issues was completed in the MDL, subject to Magistrate Weksler's ruling quoted above. More than 1.5 million Bard documents and transcripts of more than 150 corporate witness depositions

ACTIVE 50701985v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

were produced. Document productions in the MDL contained significant confidential, privileged, and patient information. To expedite production, the documents were produced after, in large part, a "no-eyes-on" review. The documents therefore were produced pursuant to the terms of multiple protective orders entered by the MDL court preventing their disclosure.  The documents produced in the MDL are available to the Parties, and the Parties propose utilizing the MDL discovery on generic liability issues in this action.

> **d.      Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Claims of privilege and an order under Federal Rule of Evidence 502 are accounted for in the Proposed Stipulated Protective Order.

> **e.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties have agreed to utilize the Plaintiff Fact Sheet ("PFS") and Defendant Fact Sheet ("DFS") forms utilized in the MDL 2641 in lieu of traditional discovery mechanisms. *See,* Attachments B and C.  The Parties agree that the terms incorporated into the PFS and DFS forms and Federal Rules of Civil Procedure 26, 33, 34, and 37 shall apply to the completion and supplementation of the Fact Sheets. The Parties agree that any additional case-specific written discovery such as Interrogatories or Request for Production will be limited and targeted to the specific facts of this case.  The Parties anticipate that using Fact Sheets will expedite the fact-discovery process.

/ / /

/ / /

/ / /

/ / /

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

f.    **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The MDL Court entered numerous orders and adhering to these orders here is appropriate and would promote efficiency and judicial economy.  In the Third Remand Order, the MDL Court recognized that "[t]he Court has made many rulings in this MDL that could affect the remanded and transferred cases." [ECF 5 at 16]. As such, to assist the courts that receive the transferred cases, the MDL Court provided a "summary of the key legal and evidentiary rulings." *Id.* at 16.  *See id.* at 16–30.  The Third Remand Order also provides a list of all Case Management Orders, discovery orders, and other significant rulings relevant to cases on remand, which list includes general descriptions of the subject matter of such orders. [ECF 5 at 77–87]. The Parties refer the Court to this section of the Third Remand Order. The Parties agree to generally abide by the Case Management Orders in the MDL, including but not limited to those Case Management Orders that have been incorporated into the Proposed Stipulated Protective Order.

5.    **ALTERNATIVE DISPUTE RESOLUTION.**

The Parties certify they have conferred about using alternative dispute resolution.

6.    **ALTERNATIVE FORMS OF CASE DISPOSITION.**

The Parties certify they have conferred about trial by a magistrate judge under 28 U.S.C § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

- 9 -

**7.   ELECTRONIC EVIDENCE.**

The Parties certify they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  No stipulations have been reached by the Parties in this regard to-date.

Respectfully submitted this 28th day of May 2020.

MCSWEENEY LANGEVIN, LLC                    GREENBERG TRAURIG, LLP


By:    */s/ David M. Langevin*               By:    */s/ Eric W. Swanis*
       DAVID M. LANGEVIN, ESQ.                       ERIC W. SWANIS, ESQ.
       *Pro Hac Vice* Application to be filed          Nevada Bar No. 6840
       dave@weststrikeback.com                       swanise@gtlaw.com
       filing@westrikeback.com                       10845 Griffith Peak Drive
       2116 Second Avenue South                      Suite 600
       Minneapolis, Minnesota 55404                  Las Vegas, Nevada 89135
       Telephone: (612)746-4646
       Facsimile: (612) 454-2678                     *Counsel for Defendants*

       KRISTIE L. FISCHER
       Nevada Bar No. 11693
       2565 Coral Sky Court
       Las Vegas, Nevada 89142
       fischer.kristie@gmail.com
       Telephone:  (702) 218-0253

       *Counsel for Plaintiffs*


                                              **IT IS SO ORDERED.**

                                              Dated this 29th of        May        , 2020.

                                              _____
                                              CARLA BALDWIN
                                              United States Magistrate Judge

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

*ACTIVE 50701985v1*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 28, 2020**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service, and I hereby certify that I caused to have mailed via United States Postal Service the foregoing document to the following non-ECF participants:

David M. Langevin, Esq.
Rhett A. McSweeney, Esq.
MCSWEENEY LANGEVIN LLC
2116 Second Avenue South
Minneapolis, Minnesota  55404

Kristie L. Fischer
2565 Coral Sky Court
Las Vegas, Nevada 89142

*/s/ Evelyn Escobar-Gaddi*
An employee of GREENBERG TRAURIG, LLP

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

- 11 -

ACTIVE 50701985v1